IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETTY FOSTER, DEBORAH GIBSON, )
SYLVIA NAGLE, and JUDITH ROCHE, )
        Plaintiffs, ) Civil Action No. 10-322
 ) Magistrate Judge Lenihan
     vs ) ECF No. 16
 )
WESLEY SPECTRUM SERVICES, )
        Defendant. )

## MEMORANDUM OPINION

LENIHAN, Magistrate Judge:

    Presently before the Court is the defendant's motion to dismiss Counts I and II of the plaintiffs' three-count amended complaint pursuant to F.R.Civ.P. 12(b)(6). For reasons discussed below, the defendant's partial motion to dismiss (ECF No. 16) will be denied. Further, the defendant asserts that the plaintiff's claims are not properly joined as required under F.R.Civ.P. 20(a). However, I find that the plaintiffs' claims qualify for joinder under Rule 20(a).

    The plaintiffs, Betty Foster, Deborah Gibson, Sylvia Nagle, and Judith Roche, have filed a three-count amended complaint against their former employer, defendant Wesley Spectrum Services ("Wesley"). In Count I of the amended complaint, the plaintiffs allege that Wesley engaged in unlawful employment practices on the basis of their age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Pennsylvania Human Relations Act ("PHRA"), as amended, 43 P.S. § 951, et seq. In Count II, plaintiffs Nagle and Roche contend that Wesley discharged them in order to interfere with their continuing participation in its health plan in violation of Section 510 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. In Count III, plaintiffs Nagle and Foster complain that Wesley slandered them in violation of Pennsylvania common law. The plaintiffs have invoked the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

In response to the amended complaint, Wesley moved to dismiss Counts I and II pursuant to F.R.Civ.P. 12(b)(6). In support of its motion to dismiss, Wesley argues that the ADEA and PHRA claims in Count I are deficient, as the plaintiffs do not allege sufficient facts to support a prima facie case of age discrimination. With respect to the ERISA claim in Count II, Wesley insists that plaintiffs Nagle and Roche fail to state a cognizable claim, as their pleadings are devoid of facts alleging that Wesley engaged in prohibited conduct with the intent of interfering with their attainment of benefits.

Following the Supreme Court's opinions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1955 (2009), the Third Circuit Court of Appeals has stated that in reviewing a Rule 12(b)(6) motion to dismiss, the Court should apply a two-part analysis. Fowler v. UPMC, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11, citing Iqbal, 129 S.Ct. At 1949. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211, quoting Iqbal, 129 S.Ct. at 1950.

Importantly, "a complaint must do more than allege the plaintiff's entitlement to relief"; it "has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211, citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). A pleading that only

2

proffers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Here, the facts alleged in the amended complaint are sufficient to show that the plaintiffs have a plausible claim for relief. To state a cognizable age discrimination claim under the ADEA, a plaintiff must plead: (1) she was over 40 years old; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position which she held; and (4) she was replaced by a person sufficiently younger, or there is evidence surrounding the adverse action that gives rise to an inference of discrimination. Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009); also see, O'Connor v. Consolidated Coin Caterers, 517 U.S. 308, 312 (1996).[1]

Contrary to Wesley's contention, the plaintiffs have alleged facts to support a prima facie case of age discrimination. For instance, the plaintiffs assert that each of them is over 49 years of age (Amended Complaint at ¶ 13); all were employed in Wesley's Butler, PA office (Id. at ¶ 11), where they were qualified for their positions and performed them satisfactorily and without significant incident (Id. at ¶¶ 12, 40); between March 31, 2009 and April 23, 2009, Wesley terminated or constructively discharged them as part of a pattern to eliminate older workers and replace them with younger ones to reduce its healthcare costs (Id. at ¶¶ 17, 26); and that following their discharge, each of them was replaced by a significantly younger individual with inferior experience (Id. at ¶ 28).

In regard to Betty Foster, the plaintiffs contend that she was employed by Wesley

---

1. The Third Circuit Court of Appeals has noted that "[t]he same legal standard applies to both the ADEA and the PHRA and therefore it is proper to address them collectively." Milby v. Greater Philadelphia Health Action, 339 Fed.Appx. 190, 191 n.3 (3d Cir. 2009), quoting Kautz v. Met-Pro Corp., 412 F.3d 463, 466 n.1 (3d Cir. 2005).

most recently as a PRN Behavior Specialist Consultant from about July 2004 until Wesley discharged her on or about April 21, 2009, based on its knowingly false accusations that Foster falsified certain credentials (Id. at ¶¶ 5, 21-22). As to Sylvia Nagle, it is alleged that she was employed by Wesley as a Behavioral Specialist Consultant from about February 26, 2001 until Wesley discharged her on or about March 31, 2009, based on its knowingly false accusations that Nagle engaged in billing improprieties (Id. at ¶¶ 7,19-20).

With respect to Deborah Gibson, the plaintiffs contend that she was employed by Wesley most recently as the BSC Supervisor of its Butler office from about October 10, 2001 until she was constructively discharged on or about April 23, 2009, after Wesley subjected her to unwarranted criticism of her work and threatened to terminate her employment for fictitious reasons, thereby creating untenable working conditions and forcing her to resign (Id. at ¶¶ 6, 23-24). In a similar vein, it is alleged that Judith Roche was employed by Wesley as a Behavioral Specialist Consultant from about February 26, 2001 until she was constructively discharged on or about April 17, 2009, after Wesley subjected her to unwarranted criticism of her work and threatened to terminate her employment for fictitious reasons, thereby creating untenable working conditions and forcing her to resign (Id. at ¶¶ 8, 23-24).

The plaintiffs insist that but for their age they would have remained employed, as Wesley engaged in a practice of replacing older workers having high medical costs with younger, less costly workers in an effort to reduce its healthcare costs (Id. at ¶¶ 26, 27, 31). Based on the factual averments in the amended complaint, and as the plaintiffs exhausted their administrative remedies (Id. at ¶ 4), their age discrimination claims will survive Wesley's motion to dismiss.

To state a viable claim under § 510 of ERISA, a plaintiff must allege (1)

prohibited employer conduct (2) that was taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled. Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 785 (3d Cir. 2007). In pursuing a § 510 ERISA claim, a plaintiff does not have to show that the only reason she was terminated was an intent to interfere with pension benefits; however, "a plaintiff must 'demonstrate that the defendant had the specific intent to violate ERISA.'" Id., quoting Gavalik v. Continental Can Co., 812 F.2d 834, 851 (3d Cir. 1987). That is, "[a] plaintiff must show that 'the employer made a conscious decision to interfere with the employee's attainment of pension eligibility or additional benefits.'" Jakimas, 485 F.3d at 785, quoting DiFederico v. Rolm Co., 201 F.3d 200, 205 (3d Cir. 2000).

In their ERISA claims in Count II, plaintiffs Nagle and Roche contend that Wesley sponsors an employee welfare health insurance plan, and as eligible employees, they both participated in the plan (Amended Complaint at ¶¶ 14-15, 51). Due to their significant and expensive health conditions, Nagle and Roche caused Wesley's premiums to increase (Id. at ¶ 16). Since Wesley's policy and practice is to discharge employees who incur significant healthcare costs and expenses which inure to it (Id. at ¶¶ 26, 54), Wesley discharged Nagle and Roche to purposefully interfere with their continuing participation in its health plan (Id. at ¶¶ 53, 56).[2]

Accepting the plaintiffs' well-pleaded facts as true, Nagle and Roche have stated a plausible claim for relief in Count II. Hence, Wesley's motion to dismiss Count II will be denied.

Wesley also argues that the plaintiffs' amended complaint fails to fulfill the

---

2. In ERISA cases as here, where plaintiffs allege violations of substantive statutory provisions, such as termination in violation of § 510 of ERISA, they need not exhaust administrative remedies, whereas plaintiffs alleging denial of ERISA benefits are required to exhaust administrative remedies before bringing suit. Harrow v. Prudential Ins. Co., 279 F.3d 244, 252-53 (3d Cir. 2002), citing Zipf v. AT&T, 799 F.2d 889, 891 (3d Cir. 1986).

requirements of F.R.Civ.P. 20(a), as their claims do not arise out of the same transaction or occurrence and thus, they are not properly joined. I disagree.

Federal Rule of Civil Procedure 20(a) governs the permissive joinder of parties. In pertinent part, Rule 20(a) provides:

> (1) **Plaintiffs.** Persons may join in one action as plaintiffs if:
>
> > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and
> >
> > (B) any questions of law or fact common to all plaintiffs will arise in the action.

F.R.Civ.P. 20(a)(1).

Permissive joinder falls within the sound discretion of the Court and is to be liberally granted. Miller v. Hygrade Food Products Corp., 202 F.R.D. 142, 144 (E.D.Pa. 2001). Indeed, "[when] applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009), quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

Case law indicates that the first element of Rule 20(a) – whether any relief sought by the plaintiffs arises out of the same transaction or occurrence – is satisfied if plaintiffs claim they were subjected to a pattern or practice of discrimination as members of a protected class. See, Bell v. Lockheed Martin Corp., 2010 WL 2666950, *7 (D.N.J., June 23, 2010) (finding that claims which arose from the same pattern or practice of discrimination against female employees were logically related and deemed part of the same transaction or occurrence for purposes of

joinder under Rule 20(a); Bradley v. Choicepoint Services, Inc., 2007 WL 2844825, *3 (E.D.Pa., Sept. 27, 2007) (stating that "[a]n employer's practice of discrimination against employees of the same race creates a clear, logical relationship among the resulting discrimination claims because the employer directed its wrongful actions at a single characteristic shared by all the plaintiffs"), citing Mosley v. General Motors Corp., 497 F.2d 1330, 1334 (8th Cir. 1974) (concluding "that a company-wide policy purportedly designed to discriminate against blacks in employment ... arises out of the same series of transactions or occurrences."); accord, Miller, supra, 202 F.R.D. at 144 (claims emanating from employer's subjective decision making policy designed to discriminate against African-American employees were logically related and arose out of same series of transactions or occurrences) (collecting cases).

Here, the plaintiffs satisfy the first element for joinder under Rule 20(a), as their claims arise out of the same series of transactions or occurrences, namely: Wesley's alleged pattern of discriminatory practices directed at them. As recited above, the plaintiffs claim that Wesley terminated or constructively discharged them as part of a pattern to eliminate older workers and replace them with younger ones so as to reduce its healthcare costs. Further, the plaintiffs aver that by virtue of Wesley's policy and practice of terminating employees who incur significant healthcare costs, Wesley discharged Nagle and Roche in order to interfere with their continuing participation in its health plan.

To satisfy the second element of Rule 20(a), there must be a question of law or fact common to all plaintiffs that will arise in the action. This element "does not require a precise congruence of all factual and legal issues"; rather "joinder may be permissible if there is but one question of law or fact common to the parties." Bell, supra, 2010 WL 2666950, at *4. Clearly,

the plaintiffs satisfy this requirement, since the issue of whether Wesley violated the ADEA and/or the PHRA is a common question of law that will arise in this case. See, Bell, 2010 WL 2666950, at *4 ("[w]hile the factual basis in support of each individual's claim may differ, [they share] a common question of law with respect to the[ir] Title VII gender discrimination claim[s]"). Based on the foregoing, the plaintiffs' claims qualify for joinder under Rule 20(a).

An appropriate Order will be entered.

Dated: August 31, 2010

Lisa Pupo Lenihan
United States Magistrate Judge